IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No. 1:25-cv-13256

CRYE PRECISION LLC,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

_____/

**DEFENDANT MARCHWAY'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant MARCHWAY (Seller ID A23A2LDFV3EUTQ) ("MARCHWAY" or "Defendant"), by and through undersigned counsel, hereby moves to dismiss the Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**GROUNDS FOR DISMISSAL**

**1. No Likelihood of Confusion – Trademark Claims (Counts I & II) Must Be Dismissed**

MARCHWAY has never used the word "MultiCam®," "Crye," "Crye Precision," or any Crye trademark in any listing, title, bullet point, or description.

The product is titled and described solely as "Camo" – a generic term for camouflage that has been used for over 100 years and is not protectable as a trademark in this context.

The goods are fundamentally non-competitive: a $34.99 ultralight recreational camping chair sold on Amazon to casual beach/goers and festival attendees versus Crye's $300–$1,200+ tactical/military combat uniforms sold through authorized military channels.

There is zero plausible likelihood of confusion as to source, sponsorship, or affiliation. No reasonable consumer would believe Crye Precision manufactures or endorses a budget Chinese camping chair.

**2. Copyright Claim (Count III) Is Conclusory and Facially Implausible**

Plaintiff pleads only the legal conclusion that MARCHWAY's products bear "counterfeit" reproductions of Copyright Registration VA 1-942-951. No facts are alleged showing substantial similarity.

The pattern on MARCHWAY's chair is a generic, low-resolution digital/woodland camouflage fabric widely available from Chinese textile mills. It is not virtually identical to Crye's specific seven-color, gradient-blended, organic-shaped MultiCam® pattern.

Camouflage patterns are functional designs entitled only to thin copyright protection; only identical or virtually identical copying is actionable. *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). The court continued to state, "[s]imilarly, expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law." Id., citing *See v. Durang, 711 F.2d 141, 143 (9th Cir.1983)*. A camouflage for outdoor chair is a standard or common.

The Complaint contains no side-by-side comparison, no description of protected elements, and no allegation that MARCHWAY's pattern copies any protectable expression rather

than unprotectable ideas or scènes à faire of camouflage. The copyright claim fails under *Twombly/Iqbal*.

### 3. Impermissible Group Pleading – Complaint Violates Rule 8(a)

The Complaint contains 100+ defendants and makes zero factual allegations specific to MARCHWAY. It simply lumps all Schedule A sellers together and asserts identical boilerplate claims against all.

This "shotgun" pleading deprives MARCHWAY of the notice required by Rule 8(a). *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

### 4. Gross Misjoinder of Defendants – Dismissal or Severance Required Under Rules 20 and 21

The 100+ defendants are unrelated Chinese Amazon sellers with no common transaction, shared ownership, supply chain, or concerted conduct. Joinder is improper and highly prejudicial.

Courts in this District routinely sever or dismiss misjoined Schedule A defendants in identical Crye Precision cases. "When the defendants are not affiliated with one another, 'there is no evidentiary overlap in proving liability for the alleged infringement.'" *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023), quoting *NFL Props. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05522, at *1 (N.D. Ill. Oct. 26, 2021).

### RELIEF REQUESTED

For the foregoing reasons, Defendant MARCHWAY respectfully requests that the Court:

(a) Dismiss all claims against MARCHWAY with prejudice pursuant to Rule 12(b)(6); or alternatively;

(b) Sever MARCHWAY and dismiss without prejudice pursuant to Rules 20 and 21; and

(c) Award such other and further relief as the Court deems just and proper.

Dated: November 18, 2025

                                             Respectfully submitted,

                                             /s/ Jianyin Liu
                                             Jianyin Liu
                                             The Law Offices of James Liu PLLC
                                             30 N LaSalle St, Suite 1510
                                             Chicago, IL 60602
                                             Tel: 305-209-6188
                                             FL Bar No. 1007675
                                             Attorney for Defendant MARCHWAY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on November 18, 2025.

                                                              */s/ Jianyin Liu*