UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRYE PRECISION LLC,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants.

_____/

Case No. 1:25-cv-13256
Judge Matthew F. Kennelly

### DEFENDANT MARCHWAY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. 37)

Defendant MARCHWAY (Amazon Seller ID A23A2LDFV3EUTQ) ("MARCHWAY" or "Defendant"), by and through undersigned counsel, respectfully opposes Plaintiff Crye Precision LLC's Motion for Preliminary Injunction (Dkt. 37) and requests that the Court deny the motion, dissolve the existing Temporary Restraining Order (Dkt. 24), and immediately release the freeze on MARCHWAY's Amazon seller account and funds. In support thereof, MARCHWAY states as follows:

### INTRODUCTION

Plaintiff's Schedule A case follows the now-familiar pattern: an ex parte TRO is granted with an overbroad asset freeze and product delisting, causing catastrophic harm to small overseas sellers, in the hope that most defendants will simply default. MARCHWAY, however, has appeared, retained U.S. counsel, and filed a Motion to Dismiss that demonstrates the Complaint

fails to state any plausible claim against it (Dkt. 40. Because Plaintiff has no likelihood of success on the merits, and because the continued freeze is destroying MARCHWAY's small business while Plaintiff suffers no cognizable harm from a $34.99 camping chair, the Motion for Preliminary Injunction must be denied.

## ARGUMENT

### I. Plaintiff Has No Likelihood of Success on the Merits

MARCHWAY incorporates by reference the arguments set forth in its Motion to Dismiss the Complaint (Dkt. 40), filed November 18, 2025, which demonstrates that the Complaint fails to state a claim upon which relief can be granted and must be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6). In summary:

**1. Trademark Infringement and Unfair Competition Claims (Counts I & II)**

Plaintiff did not accuse MARCHWAY of any trademark infringement, according to the most recent evidence sent by Plaintiff. MARCHWAY has never used the terms "MultiCam®," "Crye," "Crye Precision," or any Crye trademark in any listing, title, bullet point, image, or description.

**2. Copyright Infringement Claim (Count III)**

Plaintiff pleads only the conclusory allegation that MARCHWAY's chair bears a "counterfeit" reproduction of Copyright Registration VA 1-942-951. No facts are alleged showing substantial similarity, let alone the virtual identity required for camouflage patterns.

The fabric on MARCHWAY's chair is a generic, low-resolution digital/woodland camouflage pattern that is widely available from numerous Chinese textile mills and used by hundreds of Amazon sellers on chairs, backpacks, clothing, and other outdoor products.

Camouflage patterns are functional designs that receive only "thin" copyright protection. *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). Only virtually identical copying is actionable. Plaintiff has not — and cannot — plead or show that MARCHWAY's pattern copies any protectable expression of the MultiCam® pattern rather than unprotectable ideas, shapes, or color combinations.



Figure 1: Defendant's Product



Figure 2: Plaintiff's Copyright VA 1-942-951 Allegedly Infringed

Plaintiff accused that Defendant infringed its copyright VA 1-942-951 (Figure 2 above) with its product as shown above in Figure 1. When the plaintiff's copyright is "thin" — meaning the range of protectable expression is narrow or limited (common in functional/derivative works, compilations, or designs constrained by unprotectable elements like physics, rules, or standard forms) — the copyright receives only thin protection. Infringement requires the accused work to be "virtually identical" (or "nearly identical") to the plaintiff's, rather than merely substantially similar. "For this category of claims, only extremely close copying is actionable as unlawful infringement." *Design Basics, LLC v. Signature Construction, Inc.*, 994 F. 3d 879, 882-83 (7th Cir. 2021). The court continued to state, "[p]ut more precisely, this type of claim may move forward only if the plaintiff's copyrighted design and the allegedly infringing design are virtually identical." Any ordinary observer will not conclude that Figure 1 and Figure 2 are virtually identical.

Plaintiff cannot show a likelihood of success on the merits — the first and most important requirement for injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## II. Plaintiff Will Suffer No Irreparable Harm Absent an Injunction

Plaintiff has offered no evidence of any lost sales, customer confusion, or reputational harm caused by MARCHWAY's $34.99 camping chair.

## III. The Balance of Hardships Weighs Decisively Against an Injunction

The TRO has frozen 100% of MARCHWAY's Amazon funds and delisted its products. This has completely halted MARCHWAY's ability to pay suppliers, fulfill existing orders, purchase advertising, or ship new inventory. MARCHWAY is a small business that depends

entirely on its Amazon store for its livelihood. The continued freeze will destroy the business long before this case reaches a decision on the merits.

Plaintiff, by contrast, faces no meaningful hardship from a single low-cost, non-competitive camping chair that does not even use Plaintiff's trademarks.

**IV. The Public Interest Favors Denying Injunctive Relief**

The public interest is not served by enjoining non-infringing, lawfully sold products or by destroying small businesses based on conclusory allegations.

**CONCLUSION**

Plaintiff has failed to satisfy any of the requirements for a preliminary injunction. The Court should deny Plaintiff's Motion for Preliminary Injunction (Dkt. 37), dissolve the Temporary Restraining Order as to Defendant MARCHWAY, and order Amazon to immediately release all funds and reinstate MARCHWAY's listings.

Dated: November 20, 2025

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C,
Palmetto Bay, FL 33157
Ph: (305) 209 6188   Fax: (305) 402 5959
Email: jamesliulaw@gmail.com
Counsel for Defendant MARCHWAY
(Amazon Seller ID A23A2LDFV3EUTQ)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November 2025, I will serve this document to all counsel of record via CM/ECF.

*/s/ Jianyin Liu*