**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CRYE PRECISION LLC,

               Plaintiff,

    v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

               Defendants.

Case No. 25-cv-13256

**Judge Matthew F. Kennelly**

**Magistrate Judge Gabriel A. Fuentes**

**PLAINTIFF'S REPLY IN SUPPORT OF ITS**
**MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION [37]**

    Plaintiff Crye Precision LLC ("Plaintiff" or "Crye Precision") submits this Reply in

Support of its Motion for Entry of a Preliminary Injunction [37] (the "PI Motion") and to respond

to Defendant MARCHWAY's (Def. No. 5) ("Defendant") Opposition to the PI Motion [43] (the

"Response"). For the following reasons, Plaintiff respectfully requests the Court enter the

preliminary injunction as to Defendant.

## BACKGROUND

### A. Crye Precision and the Crye Precision Copyrighted Works

    Plaintiff has been designing, developing, and manufacturing equipment, clothing, and

accessories under its Crye Precision brand for many years. Declaration of Jonathan E. Antone [18]

at ¶ 4. The Crye Precision brand is famous around the world for high quality, innovative gear and

products. *Id.* Crye Precision was founded in 2000 by Caleb Crye and Gregg Thompson, who were

inspired to create innovative gear solutions and designs for military and law enforcement

personnel. *Id.* at ¶ 5. Today, Crye Precision has designed and produced products for military and

1

law enforcement personnel as well as branded gear for the public. *Id.* In the many years since Cyre Precision's inception, Crye Precision has become a highly recognizable American brand for tactical gear. *Id.* at ¶ 6. Products sold under the Crye Precision brand include branded uniforms, gear, outerwear, headwear, accessories, and merchandise (collectively, the "Crye Precision Products"). *Id.*

Plaintiff has a full and exclusive license to use, enforce, and sublicense several copyrights registered with the United States Copyright Office and owned by LineWeight LLC. *Id.* at ¶ 15. The registrations (collectively, the "Crye Precision Copyrighted Works") include: "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-951), issued by the Register of Copyrights on February 18, 2015. *Id.* at ¶¶ 15-16. [1-2] at p. 2.

| CAMOUFLAGE PATTERN (VA 1-942-951) |
|---|
|  |

Under agreement with LineWeight LLC, Plaintiff has a full and exclusive license to use, enforce, and sublicense the Crye Precision Copyrighted Works in the United States. *Id.* at ¶ 17. Since first publication, the Crye Precision Copyrighted Works have been used on the Crye Precision Products and are featured on Plaintiff's website at cryeprecision.com. *Id.* at ¶ 18.

**B. Defendant's Unlawful Activities**

Defendant operates a fully interactive e-commerce store on the e-commerce platform hosted by Amazon.com, Inc. ("Amazon"), under at least the seller alias MARCHWAY. Halpern Declaration at ¶ 2. Defendant advertised, offered for sale, and sold the product shown in the table below bearing unauthorized copies of the federally registered "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-951) (the "Unauthorized Crye Precision Product"). [18] at ¶ 20; *see* Halpern at ¶ 2; *see* Table 1; *see also* [19-1] at 16-18.

| CAMOUFLAGE PATTERN (VA 1-942-951) |
|---|
|  |
| **Defendant's Unauthorized Crye Precision Product** |

*Table 1*

3

### C. Procedural History

Plaintiff filed this action on October 30, 2025. [1]. On November 4, 2025, this Court entered a Temporary Restraining Order (the "TRO"). [24]. The TRO, among other things, enjoined, among others, Defendant from infringing the Crye Precision Copyrighted Works and ordered Amazon to provide expedited discovery regarding Defendant's contact and sales information. [24] at ¶¶ 1-2. On November 10, 2025, pursuant to the TRO, Amazon provided Plaintiff with Defendant's contact information and the balance of Defendant's Amazon account. Halpern Declaration at ¶ 3.

Information provided by Amazon indicates that Defendant's Amazon account had a balance of $45,928.18 restrained, and that Defendant sold 5,087 units under the Amazon Standard Identification Number (the "ASIN") for the particular Unauthorized Crye Precision Product identified by Plaintiff in Table 1, totaling $200,000 in gross sales. *Id*. Plaintiff served Defendant on November 13, 2025. [34]. Plaintiff filed its PI Motion [37] on November 17, 2025. Defendant filed its Response on November 20, 2025. [43].

### ARGUMENT

Plaintiff respectfully requests that the Court enter the preliminary injunction as to Defendant because Plaintiff satisfies the preliminary injunction factors. A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir. 2001). The Court must consider the harm that the non-moving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* The Court must also consider the potential effect on the public interest (non-parties)

in denying or granting the injunction. *Id.* The Court then engages in "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id.* (citation omitted).

### A. Plaintiff Has a High Likelihood of Success on the Merits of its Copyright Infringement Claim[1]

To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted). Copying can be shown through direct evidence, or it can be inferred where a defendant had access to the copyrighted work and the accused work is substantially similar. *Spinmaster, Ltd. v. Overbreak LLC,* 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). To determine whether there is a substantial similarity that indicates infringement, Courts use the "ordinary observer" test which asks whether "an ordinary reasonable person would conclude that the defendant unlawfully appropriated protectable expression by taking material of substance and value." *Id.* at 1105. A work may be deemed infringing if it captures the "total concept and feel of the copyrighted work." *Id.*

With respect to the first element, Plaintiff is the exclusive licensee of the valid, federally registered Crye Precision Copyrighted Works. [18] at ¶¶ 15-18. With respect to the second element, copying can be shown by direct evidence or "may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.,* 672 F.2d 607, 614 (7th Cir. 1982); *see Susan Wakeen Doll Co. v. Ashton-Drake Galleries,* 272 F.3d 441, 450 (7th Cir. 2001).

---

[1] Plaintiff's trademark infringement and counterfeiting claim (Count I of the Complaint) and false designation of origin claim (Count II of the Complaint) do not apply to Defendant.

The Crye Precision Copyrighted Works is published online at Plaintiff's website, cryeprecision.com, and Crye Precision Products bearing the Crye Precision Copyrighted Works are available for purchase on Plaintiff's website and through authorized retailers. [18] at ¶ 18. Accordingly, Defendant had plenty of opportunity to view the Crye Precision Copyrighted Works. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 508 n.5 (7th Cir. 1994) ("Access can be found to exist when the defendant had an opportunity to view the protected item.").

Even if Defendant claimed they somehow did not have access to the Crye Precision Copyrighted Works, the Seventh Circuit has held that if the copyrighted work and the accused work are so similar, such that it is "highly probable" that the accused work copied the copyrighted work, then the issue of access does not need to be separately addressed. *Ty, Inc. v. GMA Accessories, Inc.,* 132 F.3d 1167, 1170 (7th Cir. 1997). The Seventh Circuit employs the "ordinary observer" test which asks "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Wildlife Express,* 18 F.3d at 509 (internal citations omitted). This is an objective test where the court "look[s] at the [products] themselves to determine substantial similarity." (emphasis added). *JCW,* 482 F.3d at 914.

As shown in Table 2 below, Defendant's Unauthorized Crye Precision Product uses exact reproductions of "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-95). Table 2 compares specific examples showing that each line and artistic choice of the Crye Precision Copyrighted Works was replicated by Defendant. This is not a "generic, low-resolution digital woodland camouflage pattern that is widely available from numerous Chinese textile mills"

6

that Defendant claims, but instead is a "virtually identical copying" of the Crye Precision Copyrighted Works.  *See* [43] at 2-3.

| Excerpts from "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-951) | Defendant's Unauthorized Crye Precision Product |
|---|---|
|  | |

*Table 2*

The color schemes are identical.  The shapes, and their selection and placement within the designs, are identical.  Table 2, *supra*.

The Seventh Circuit has repeatedly held that where "the similarities concern details of such an arbitrary character that the probability that the infringer had duplicated them independently is remote, an inference of copying may be drawn without any additional evidence." *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 926 (7th Cir. 2003) (striking similarity between

plaintiff's and defendant's electronic forms, which contained identical patterns of bolding, identical headings, the same font, and (most damning) an identical "output range" that served no purpose.); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997) ("GMA's pig is strikingly similar to Ty's pig but not to anything in the public domain. [. . .] Preston resembles only Squealer, and resembles him so closely as to warrant an inference that GMA copied Squealer."). It cannot be coincidence that Defendant replicated every aspect of the Crye Precision Copyrighted Works.

## B. Plaintiff Does Not Have an Adequate Remedy at Law and Will Suffer Irreparable Injury Without the Preliminary Injunction.

Defendant makes no argument that Plaintiff has an adequate remedy at law and will not suffer irreparable injury without the preliminary injunction. *See generally* [43]. Defendant's argument is one sentence: "Plaintiff has offered no evidence of any lost sales, customer confusion, or reputational harm caused by MARCHWAY's $34.99 camping chair." The Seventh Circuit has "repeatedly clarified that underdeveloped and merely perfunctory arguments …are waived." *United State v. Morales*, 572 F. Supp. 3d 502, 508 (7th Cir. 2021) (citations omitted). As such, Defendant has waived these arguments. *See Laborers' Int'l Union v. Caruso,* 197 F.3d 1195, 1197 (7th Cir. 1999).

Nevertheless, irreparable harm resulting from copyright infringement is demonstrated when "remedies available at law, such as monetary damages, are inadequate to compensate for that injury*." Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (citing *eBay Inc. v. MerExchange, L.L.C.*, 547 U.S. 388, 391, 393-94 (2006)); *see Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021). Here, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill, and (2) reputational harm. [18] at ¶¶ 30-35. Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should

issue. *See EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011) (ruling that an injury that is not easily measurable in monetary terms, such as an injury to reputation or goodwill, is often viewed as irreparable); *see e.g., Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 948-49 (N.D. Cal. 2009) (cited by *Frerck v. John Wiley & Sons, Inc.*, 850 F. Supp. 2d 889, 893 (N.D. Ill. 2012)) (finding that the harm caused by the defendant's copyright infringement to the plaintiff's reputation and goodwill, supported by compelling evidence, was sufficient to establish irreparable harm).

The harm to a copyright holder's property interest has been characterized as irreparable in light of possible market confusion. *Salinger*, 607 F.3d at 81. Here, Defendant's infringement of the federally registered copyrighted work "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-95) is likely to cause consumer confusion with the genuine Crye Precision Products, resulting in harm to Plaintiff's reputation and loss of goodwill. *See* [18] at ¶¶ 30-31. Defendant's unauthorized use of the federally registered "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-95) is a substantial reason for consumer demand in Defendant's infringing product. The extent of the harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are both irreparable and incalculable. *Salinger*, 607 F.3d at 81 (citing *Omega Importing Corp. v. Petri–Kine Camera Co.,* 451 F.2d 1190, 1195 (2d Cir. 1971)) (holding that courts have tended to issue injunctions in copyright infringement cases because "to prove the loss of sales due to infringement is … notoriously difficult"); *see* [18] at ¶¶ 30-31.

Furthermore, Plaintiff's right to control how and when the Crye Precision Copyrighted Works are released and distributed to consumers is directly violated by Defendant's unrestrained infringement activities. 17 U.S.C. § 106; *see Warner Bros. Ent. Inc. v. WTV Sys., Inc.*, 824 F. Supp.

2d 1003, 1012–13 (C.D. Cal. 2011) ("[B]ecause Defendants operate their infringing service without the normal licensing restrictions imposed by Plaintiffs, they interfere with Plaintiffs' ability to control the use and transmission of their Copyrighted Works, thereby causing irreparable injury to Plaintiffs"); *see* [18] at ¶ 32. Crye Precision has become a highly recognizable American brand for tactical gear and Crye Precision Products are sold to consumers through authorized retailers and the official cryeprecision.com website. [18] at ¶¶ 6, 7. This commercial advantage is lost where Defendants are allowed to continue their infringement of the Crye Precision Copyrighted Works. *See e.g., HarperCollins L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 9307 (S.D.N.Y. 2010) ("The entire purpose of a pre-release promotional campaign is to increase sales of a book upon its release. Plaintiff is, of course, exercising its rights under the copyright law in thus controlling the release of the Book. If this exercise of rights cannot be enforced with the aid of the court, a commercial advantage is lost, for which plaintiff cannot realistically be compensated in some later attempt to recover damages."). The inability for Plaintiff to control the nature and quality of the Unauthorized Crye Precision Products and the loss of control over Plaintiff's reputation cannot be quantified in a later attempt to recover damages and, therefore, injunctive relief is warranted. [18] at ¶¶ 30-35.

Finally, because Defendant is an individual or businesses who, on information and belief, resides in the People's Republic of China with no U.S. presence, any monetary judgement is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages.'"). Furthermore,

10

other district courts have found that money damages were insufficient in similar cases involving foreign infringers. *E.g., Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-0053, 2012 WL 760692, at *5 (D. Nev. Mar. 7, 2012) ("[A] finding of irreparable harm was not clearly erroneous because it also found that since AE Tech is a foreign corporation, money damages would be insufficient."); *Otter Prods, LLC v. Anke Group Indus. Ltd.*, 2013 WL 5910882, at *2 (D. Nev. Jan. 8, 2013) ("because Anke has no presence in the United States, it may be difficult or impossible for Otterbox to enforce a monetary judgement against Anke."); *Bushnell, Inc. v. Brunton Co.*, 673 F.Supp.2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction; "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F.Supp.3d 1177, 1178-79 (D. Nev. 2016) ("[B]ecause Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgement against Bestwinn."). As such, Plaintiff will suffer immediate and irreparable injury, loss, or damage if the preliminary injunction is not entered.

### C.  The Balance of Harms Remains in Plaintiff's Favor

Without injunctive relief, Plaintiff will continue to suffer irreparable harm.  Defendant, a willful infringer, should be given little equitable consideration when weighing the balance of harms.  *See Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994).  If the asset restraint is lifted, Defendant will likely transfer the funds in its Amazon account outside of the United States and Plaintiff will be prevented from realizing its right to an accounting of profits.  *See* [17] at ¶¶ 5-13.  Public interest is served by the preliminary injunction because consumers have an "interest in not being deceived about the products they purchase." *A.J. Canfield Co. v. Vess Bevs., Inc.,* 796 F.2d 903, 909 (7th Cir. 1986).  The injury to the public is significant,

and the injunctive relief is specifically intended to remedy that injury by dispelling the public confusion created by Defendant's actions. Accordingly, the balance of harms continues to favor Plaintiff.

### D. The Asset Restraint Remains Appropriate

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). Plaintiff has shown a strong likelihood of succeeding on the merits of its copyright infringement claim, and therefore Plaintiff is entitled to recover "… any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). Plaintiff's Complaint seeks, among other relief, that Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts. [1]

To exempt assets from an asset freeze, "[t]he burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of [infringing] activities." *See, e.g., Monster Energy Co. v. Wensheng,* 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015); *see Delta Tech. Dev. LLC v. Bigjoys & Seasonblows.com,* 2024 U.S. Dist. LEXIS 142805, at *17 (N.D. Ill. Aug. 12, 2024). Defendant argues that the asset freeze is "overbroad," [43] at 1, but does not make any representations or include any information or evidence about its sales, its other products, or that its restrained funds are not the proceeds of infringing activities.

At the time of this filing, Defendant has failed to respond to any of Plaintiff's discovery requests. [46]. Plaintiff is concurrently filing a motion to compel discovery from Defendant. Courts in this District and elsewhere regularly decline to modify or lift asset freeze orders in the face of ambiguous or unpersuasive evidence. *See, e.g., Antsy Labs,* No. 21 C 3289, 2022 U.S. Dist. LEXIS 212406, at *12-14; *Johnson & Johnson,* 2020 U.S. Dist. LEXIS 248831 at *8;

*Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 954 (N.D. Ill. 2019); *H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., Ltd.,* 2017 U.S. Dist. LEXIS 207613, at *6 (N.D. Ill. Dec. 18, 2017); *Monster Energy Co.,* 136 F. Supp. 3d at 910.

Defendant's appearance and U.S. counsel are also not valid reasons for releasing the asset restraint. In most similar situations, defendants appear to attempt to release an asset restraint or to obtain a dismissal, but stop participating after those motions are resolved. *See e.g., Luxottica Group S.p.A., et al. v. The P'ships, et al*., No. 18-cv-6608 (N.D. Ill. Jan. 4, 2024) (Docket Nos. 50, 52, 60, 61, 75); *FCA US LLC v. The P'ships et al*., No. 23-cv-05539 (N.D. Ill. Oct. 20, 2023) (unpublished) (Dkt. No. 49) ("[T]he Court is acknowledging the reality that [defendants] and similar entities—which are credibly accused of peddling counterfeit or IP-infringing goods on these third-party websites, likely to have no other identifiable assets within the reach of U.S. courts' jurisdiction, and capable of eluding collection of any judgments against them (in the absence of an asset freeze) while continuing to do business by simply creating new e-commerce storefronts under different aliases—pose a genuine and significant risk of engaging in said tactics"). It is likely that after its funds are released, Defendant would not file an answer or participate in discovery.

## CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction as to Defendant.

Dated this 26th day of November 2025.    Respectfully submitted,

<u>/s/ Allyson M. Martin</u>
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Crye Precision LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to all parties that have appeared in the case.

/s/ Allyson M. Martin
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Crye Precision LLC*